UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOSEPH DARYLL RUED and W.O.R., *a minor child*,

                   Petitioners,

v.

JUDGE HATCHER, REFEREE STEBBINS, JUDGE WORKE, JUDGE SCHMIDT, JUDGE KLAPHAKE, JUDGE HUDSON, JUDGE MCKEIG, JUDGE BOND, and JUDGE LARSON,

                   Respondents.

Civil No. 25-468 (JRT/ECW)

**MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Joseph Daryll Rued and W.O.R., 9007 Avila Cove, Eden Prairie, MN 55347, *pro se* Petitioners.

Thomas R. Ragatz, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, Saint Paul, MN 55101, for Respondents.

This is the fourth of four orders the Court issues simultaneously addressing the same underlying set of facts.[1] Petitioner Joseph Daryll Rued brings this action to overturn an award of sole custody over minor W.O.R. by the Minnesota state courts. As the Court explains in detail in its companion order in *Rued v. Jayswal*, No. 24-1763 (D. Minn.), these suits are entirely frivolous.

---

[1] The other cases are *Rued v. Jayswal*, No. 24-1763 (D. Minn.), *Rued v. Hudson*, No. 24-2437 (D. Minn.), and *Rued v. Hudson*, No. 24-3409 (D. Minn.).

The Court lacked jurisdiction to hear the other three cases under the *Rooker-Feldman* doctrine. Perhaps to exploit the exception to that doctrine for habeas petitions, Rued now transmogrifies his appeal of the adverse custody award into a petition for writ of habeas corpus.

"A bedrock requirement of the federal habeas corpus statute is that the petitioner must be 'in custody' in order to pursue habeas relief." *Spottswood v. St. Croix Cnty.*, No. 21-2258, 2021 WL 6334690, at *1 (D. Minn. Oct. 14, 2021) (citing 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a)), *report and recommendation adopted*, No. 21-2258, 2022 WL 79703 (D. Minn. Jan. 7, 2022). Rued claims the state court proceedings that led to his ex-wife earning sole custody of their child are a somehow a form of "confinement." (*See* Pet. at 1, 5, Feb. 5, 2025, Docket No. 1.) They are not. Nor are the various judges and referees he names wardens who hold him in custody.

Because the federal habeas corpus statute requires the petitioner be "in custody" to pursue habeas relief, the Court will adopt the report and recommendation of Magistrate Judge Elizabeth Cowan Wright,[2] overrule the Petitioners' objections, and deny the petition.

---

[2] The Magistrate Judge also recommended the Court sanction Rued by placing him on the District of Minnesota's restricted filers list. Following a similar recommendation from Magistrate Judge Tony L. Leung, the Court takes that step in *Rued v. Hudson*, No. 24-3409 (D. Minn.).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Magistrate Judge's Report and Recommendation [Docket No. 10] is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation [Docket No. 2] is **ADOPTED**.

3. The Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

4. Plaintiff's Motion for Recusal [Docket No. 4] is **DENIED as moot.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 11, 2025  
at Minneapolis, Minnesota.

JOHN R. TUNHEIM  
United States District Judge